UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Leonardo P.,

Petitioner,

v.

Ryan Shea, Sheriff, Freeborn County, MN; Todd Blanche, Attorney General of the United States; Markwayne Mullin, Secretary of the Department of Homeland Security; David Ventruella, Senior Official Performing Duties of Director of United States Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office, U.S., in their official capacities,

Respondents.

Civ. No. 26-3641 (PAM/SGE)

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Leonardo P.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ("Pet." (Docket No. 1).) Petitioner challenges his immigration detention pending removal. For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of El Salvador. (Id. ¶ 1.) On May 28, 2021, he entered the United States through Texas and was arrested by United States Border Patrol agents. (Id.; Decl. of Neil Petrash (Docket No. 8) Ex. A at 1.) He was processed as an alien not admitted or paroled into the United States, charged as inadmissible under 8 U.S.C. § 212(a)(6)(A)(i),

and released. (Petrash Decl. Ex. A. at 2, Ex. C at 2.) In July 2024, Petitioner applied for asylum, and that application remains pending. (Id. Ex. C at 2, 3; Pet. ¶ 45.)

On July 20, 2026, while conducting operations in Burnsville, Minnesota, Immigration and Customs Enforcement ("ICE") officers ran a records check on a vehicle, which revealed it was registered to an individual without legal status in the United States. (Petrash Decl. ¶¶ 9–10.) The officers conducted a vehicle stop, and Petitioner told them that he did not have documentation to legally reside the in the United States. (Id. ¶ 12.) During the encounter, Petitioner remained in the driver's seat with the key in the ignition. (Id. ¶ 13.) The officers arrested Petitioner and took him into ICE custody for processing. (Id. ¶ 14.) That day, ICE issued an I-200, Warrant of Arrest and a Notice to Appear and served the documents on Petitioner. (Id. Exs. A, B.) Petitioner remains in ICE custody at the Freeborn County Adult Detention Center in Albert Lea, Minnesota. (Pet. ¶ 14.)

**DISCUSSION**

"A writ of habeas corpus enables a person detained by the government to challenge the legality of his confinement and, if successful, obtain his release." Abdulkadir A. v. Sessions, Civ. No. 18-2353, 2018 WL 7048363, at *2 (D. Minn. Nov. 13, 2018) (Bowbeer, M.J.) (citing Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)), R. & R. adopted, 2019 WL 201761 (D. Minn. Jan. 15, 2019) (Brasel, J.). Petitioner asks the Court to order his immediate release or grant him an individualized bond hearing and alleges Respondents violated 8 U.S.C. § 1357(a) and his due process rights under the Fifth Amendment. Respondents contend that his detention is mandatory pending removal proceedings under § 1225(b)(2) and that he is not due any additional process.

**A. Petitioner's Detention is Mandatory**

Petitioner's detention is mandatory under § 1225(b)(2). "8 U.S.C. § 1225(b)(2)(A) . . . authorizes detention for an alien who is an applicant for admission, if . . . an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." Avila v. Bondi, 170 F.4th 1128, 1132 (8th Cir. 2026) (internal quotation marks omitted). Petitioner presents no evidence that he is not an "applicant for admission" or that he is clearly entitled to stay in the United States. See 8 U.S.C. § 1225(b)(2)(A). The record is clear that Petitioner was detained upon his entry into Texas and processed as an alien present in the United States who has not been admitted or paroled and is inadmissible under 8 U.S.C. § 212(a)(6)(A)(i). Petitioner provides no facts demonstrating that anything has altered the Department of Homeland Security's initial determination. His detention is thus mandatory.

**B. Petitioner's Arrest was Lawful**

Petitioner's arrest was lawful and mandated by statute. Section 1225(b) makes no mention of a warrant requirement. Section 1225(b)(2)(A) states that if an immigration officer examines "an alien who is an applicant for admission . . . and determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, that alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). The warrantless arrest statute to which Petitioner refers, 8 U.S.C § 1357(a), does not require the arresting officer to make such a determination. Rather, under § 1357(a), an immigration officer may arrest an alien without a warrant if the officer has mere "reason to believe" that the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. See id.

§ 1357(a)(2). "'Reason to believe' . . . means constitutionally required probable cause." United States v. Quintana, 623 F.3d 1237, 1239 (8th Cir. 2010). Therefore, § 1357(a) requires that the officer must also believe the alien to be a flight risk. Under § 1225(b)(2)(A), however, when an immigration official has determined that "the alien is not clearly and beyond a doubt entitled to be admitted," 8 U.S.C. § 1225(b)(2), "the assessment of flight risk is not needed because Section 1225 requires detention." Rivera Vasquez v. Blanche, Civ. No. 26-1992, Docket No. 8 at *3, (D. Minn. Apr. 20, 2026) (Traynor, J.). Permitting an alien "subject to mandatory detention to go free would 'require the courts to close their eyes to ongoing violations of the law.'" Id. (quoting INS v. Lopez-Mendoza, 468 U.S. 1032, 1046 (1984)). Here, both § 1357(a)(2) and § 1225(b)(2)'s requirements are satisfied.

Here, under § 1357(a)(2), the officers no doubt had reasonable suspicion to initiate the traffic stop based on the vehicle being registered to an unlawful alien, and had probable cause to arrest Petitioner when he admitted that he lacked lawful status to reside in the United States. During the encounter, Petitioner remained in the car with the key in the ignition, so the agents arrested him to "avoid [him] leaving the scene of the vehicle stop." (Petrash Decl. ¶ 8.) The Court finds that this satisfies § 1357(a)(2)'s requirement of the officers' reasonable belief that Petitioner was a flight risk. His arrest complied with § 1357(a)(2) and therefore this aspect of Petitioner's claim is denied.

The more stringent requirements of § 1225(b)(2) are also satisfied here. As established above, officers had probable cause to initiate the traffic stop based on the vehicle being registered to an alien without lawful status. Upon questioning Petitioner, he

admitted that he lacked any lawful status to reside in the United States. Therefore, there is no doubt that officers knew that Petitioner was an applicant for admission who is not clearly and beyond a reasonable doubt entitled to be admitted, making Petitioner's detention pending removal proceedings mandatory under § 1225(b)(2). Petitioner fails to demonstrate that his arrest was unlawful.

In any event, the Court is unpersuaded by Petitioner's argument that release is the proper remedy for a warrantless arrest when he is in deportation proceedings. See Singh v. Sommer, No. 7:26-CV-5013, 2026 WL 2042296, at *3 (D. Neb. July 15, 2026) ("[I]t has been held that an arrest exceeding statutory authority doesn't void the subsequent detention and deportation proceedings.") (collecting cases). And because § 1225(b)(2) requires detention, Petitioner's arguments as to a bond hearing are meritless.

**C. Notice to Appear and Warrant of Arrest**

To the extent that Petitioner argues that the statutory references in his Notice to Appear and Warrant of Arrest indicate that his detention is not mandatory, those arguments fail. Petitioner asserts that his detention is pursuant to § 1226(a) because his Notice to Appear cites removal proceedings under Section 240 of the Immigration and Nationality Act ("INA"), and that he therefore is entitled to a bond hearing. But his argument runs squarely against the text of § 1225, which requires that applicants for admission who are "not clearly and beyond a doubt entitled to be admitted . . . be detained for a proceeding under Section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). Congress codified Section 1229a as Section 240 of the INA. Thus, the Court rejects the notion that receiving a Notice to Appear for removal proceedings under § 240 of the INA indicates that an alien is not

subject to mandatory detention under § 1225. Moreover, a Form I-200, Warrant of Arrest merely indicates which immigration officers may conduct an arrest, not whether an alien is being arrested under § 1226. (See Petrash Decl. Ex. B at 1 ("[a]ny immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act [INA] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations").) Petitioner's arguments against mandatory detention fail.

**D. Petitioner's Constitutional Claim Lacks Merit**

Petitioner argues that if he is not entitled to his immediate release, he is entitled to a bond hearing. He alleges that Respondents violated his due process rights under the Fifth Amendment and thus argues that he is entitled to an individualized assessment regarding his detention, asking the Court to employ the balancing test laid out in Mathews v. Eldridge, 424 U.S. 319, 333 (1976). The Eighth Circuit has determined that "Zadvydas and Demore have already done whatever balancing is necessary" for detainment decisions. Banyee v. Garland, 115 F.4th 928, 933 (8th Cir. 2024). "The government can detain an alien for as long as deportation proceedings are still 'pending.'" Id. (quoting Demore v. Kim, 538 U.S. 510, 527 (2003)). "Detention during removal proceedings is a constitutionally permissible part of that process." Demore, 538 U.S. at 531. Petitioner is not entitled to due process beyond what the statute describes, and the statute does not mention bond hearings. His due process arguments are foreclosed by Avila and he received the process he is due.

The Court concludes that Petitioner is not entitled to the habeas relief that he seeks, and thus denies his Petition.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) and Motion for Temporary Restraining Order (Docket No. 3) are **DENIED**;

2. The Motion for Order to Show Cause (Docket No. 2) is **DENIED as moot**; and

3. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 2, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge